IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                          C.A. NO. H 05-2720
THE COMPLAINT AND PETITION OF                   In Admiralty Pursuant to
KIRBY INLAND MARINE, L.P.,                      Rule 9(h)
AS OWNER OF BARGE KIRBY 14800,
PRAYING FOR EXONERATION FROM
AND/OR LIMITIATON OF LIABILITY


**PETITIONER'S MEMORANDUM IN OPPOSITION TO JARROD ROBICHAUX'S
MOTION TO DISSOLVE RESTRAINING ORDER
AND
CROSS-MOTION TO TRANSFER VENUE TO
THE MIDDLE DISTRICT OF LOUISIANA**


**NOW INTO COURT,** through undersigned counsel, comes Petitioner, Kirby Inland
Marine, L.P. ("Kirby") individually and as successor to Kirby Inland Marine, Inc. (hereinafter
collectively referred to as "Petitioner" or "Kirby"), as owner of Barge Kirby 14800 both to
submit this Memorandum in Opposition to Jarrod Robichaux's Motion to Dissolve the
Restraining Order and to move this Court to instead transfer this limitation proceeding to the
United States District Court for the Middle District of Louisiana.[1]


**I.      SUMMARY OF ARGUMENT**

A limitation proceeding involving the same or similar parties and arising out of the exact
allegations of Claimant, Jarrod Robichaux, was first filed in the United States District Court for
the Middle District of Louisiana.  Transferring this matter to the Middle District of Louisiana
will clearly and without a doubt serve the interests of justice <u>and</u> the convenience of the parties.
Therefore, pursuant to the "first to file" rule and Rule F(9) of the Supplemental Federal Rules of

---

[1] A Table of Authorities and a Table of Contents is attached as Exhibit "A".

Civil Procedure for Admiralty and Maritime matters, Petitioner respectfully suggest that this matter as well as all pending motions filed herein, including Robichaux's Motion to Dissolve Restraining Order, should be transferred to the Middle District of Louisiana.

Additionally, Jarrod Robichaux's Motion to Dissolve Restraining Order is improper. First, this motion must be determined by the District Court sitting in the Middle District of Louisiana under the "first to file" rule, the same rule which also mandates transfer of this entire matter to the Middle District of Louisiana.  Second, the stipulations entered into by Robichaux are deficient on their face and will not protect Petitioner's rights under the Limitation of Shipowner's Liability Act.  Third, notwithstanding any stipulations that Robichaux has entered into, Robichaux has already clearly demonstrated a propensity to ignore and attempt to circumvent the orders of a federal district court's limitation proceeding thereby clearly indicating that dissolution of the stay order would prejudice Petitioner's rights under the Limitation of Shipowner's Liability Act.  These issues are currently pending before the Honorable Ralph Tyson in the Middle District of Louisiana Limitation proceedings, including the lifting and enlargement of that stay order as well as consolidation of these actions to the Middle District of Louisiana.

## II.  BRIEF FACTUAL BACKGROUND AND PERTINENT PROCEDURAL HISTORY[2]

Jarrod Robichaux was a tankerman and member of the crew of the M/V LUKE GUIDRY, JR., which is owned and operated by Danielle Marine Towing, L.L.C., a Louisiana company.  Robichaux alleges that his injuries occurred on or around August 18, 2003, on the

---

[2] A sequential procedural history is attached as Exhibit "B".

Barge KIRBY 14800, which was being pushed by the M/V LUKE GUIDRY, JR. in Gretna, Louisiana.

Out of this alleged injury, three concurrent legal proceedings have arisen.  First filed was a limitation action in the Middle District of Louisiana filed on behalf of Lorris G Towing Corporation and Danielle Marine Towing LLC as owners and operators of the M/V LUKE GUIDRY, JR.  Second, Jarrod Robichaux filed a state court action in the 164th Judicial District, Harris County, Texas.  Third, a limitation action was filed for the benefit of the Kirby entities as owners and operators of the Barge Kirby 14800.[3]

On September 4, 2004, Lorris G Towing Corporation and Danielle Marine Towing, L.L.C. filed its limitation of liability proceeding in the United States District Court for the Middle District of Louisiana, Cause No. 04-630-C-M3.[4]  (The Louisiana limitation of liability action is hereinafter referred to as the "LUKE GUIDRY, JR. action" or "Middle District limitation").  Jarrod Robichaux has filed an answer and claim in the Middle District Limitation.[5]

On September 8, 2004, four days after the M/V LUKE GUIDRY, JR. action was filed, and prior to the entry of a Stay Order in the Middle District of Louisiana, Jarrod Robichaux filed his Original Petition against Lorris G Towing Corporation, Lorris G Towing II Corporation, Kirby Inland Marine, Inc. and Kirby Inland Marine, L.P. in the 164th Judicial District Court of Harris County, Texas.[6]  Danielle Marine Towing, L.L.C. is not a party to Plaintiff's lawsuit.

---

[3] Danielle Marine Towing, LLC has agreed to defendant indemnify the Kirby entities in this and any other action arising out of the Jarrod Robichaux's alleged injuries of August 18, 2003.

[4] The Complaint for Exoneration from or Limitation of Liability filed on behalf of Danielle Marine Towing, L.L.C. and Lorris G Towing Corporation is attached as Exhibit "C".

[5] The Answer and Claim of Jarrod Robichaux is attached as Exhibit "D".

[6] The Harris County Petition is attached as Exhibit "E".

On or about March 29, 2005, Louisiana counsel for Jarrod Robichaux entered into a joint status report with <u>former counsel for Lorris G</u> and Danielle Marine, and then filed the joint status report required by the Middle District Court in the Middle District limitation proceedings.[7]   In that Joint Status Report, Louisiana counsel for Robichaux insisted upon two specific stipulations: (1) ***that Robichaux would file a Motion to Lift Stay only after this Limitation Court ruled upon Robichaux's Motion to Dismiss***; and (2) that no discovery shall be had until after the Limitation court rules on an anticipated Motion to Dismiss to be filed by the Louisiana counsel for Robichaux.[8]

Undersigned counsel, unaware of the joint status report, propounded discovery upon Jarrod Robichaux in the Middle District Limitation.  Louisiana counsel for Robichaux made <u>new counsel</u> for Lorris G and Danielle Marine aware of the agreement, and then vigorously enforced this joint status report agreement, refusing to respond to discovery propounded by undersigned counsel in the normal course of this litigation that sought information on his alleged damages and the manner in which his alleged injury occurred.[9]   Undersigned, and new counsel for Robichaux then withdrew said discovery in compliance with same.[10]

---

[7] The Joint Status Report is attached as Exhibit "F".

[8] The Joint Status Report specifically sets out in Section III – Pending Motions that

> … claimant [Louisiana counsel for Robichaux] intends to file a Motion to Dismiss the limitation petition as being untimely.  If the Court does not dismiss this proceeding as being untimely, then claimant intends to file a Motion to Lift Any Stay so that he may proceed with his claim in Harris County, TX, which was filed on September 8, 2004.

Further, under **SECTION VIII – PROPOSED SCHDEULING ORDER,** Louisiana counsel for Robichaux insisted that the parties stipulate that fact discovery and exchange of initial disclosures not commence until the Middle District court ruled on Plaintiff's Motion to Dismiss as contemplated in **SECTION III – PENDING MOTIONS**.

[9] Letter from Stephen Johnson, Esq. objecting to Petitioners' discovery requests, copy attached as Exhibit "H".

[10] Lorris G and Danielle Marine obtained new counsel on or about April 15, 2005.

The Honorable Ralph Tyson of the Middle District of Louisiana signed a Stay Order restraining and staying the commencement and/or further prosecution of any action or proceeding against Danielle Marine Towing, L.L.C., Lorris G Towing Corporation, and the M/V LUKE GUIDRY, JR., and/or their underwriters or any of their property on April 25, 2005 as part of the Middle District of Louisiana Limitation Action.[11]

On May 23, 2005, Lorris G Towing Corporation filed its Notice of Stay as relates to the Middle District of Louisiana limitation action for the M/V LUKE GUIDRY, JR. action with the 164th Judicial District Court.  At the same time, Lorris G II and the Kirby entities answered the Texas state court lawsuit and filed a motion to dismiss based on *forum non conveniens.*

In June of 2005, Texas counsel for Robichaux pursued full blown ***and*** complete discovery in the Texas state court case by propounding incredibly detailed discovery to Luke Guidry, the owner of Lorris G and Danielle Marine, in response to undersigned counsel's Motion to Dismiss filed in Robichaux's Texas claim and on behalf of Lorris G II and Kirby.[12] That discovery specifically sought information and documents from both Lorris G and Danielle Marine, in direct contravention of the Middle District Court's Stay Order barring the further prosecution or maintenance of any claims against Lorris G and Danielle Marine outside of that proceeding.  ***Although Petitioner objected to said discovery and sought relief from the State Court in Harris County, Texas, the court ordered the discovery be provided to Jarrod Robichaux.***

Robichaux again violated the Joint Status Report by filing a Motion to Lift Stay in the Middle District Court prior to the Limitation court's ruling on the Claimant's Motion to Dismiss.

---

[11] The Stay Order is attached as Exhibit "I".

[12] Deposition Notice and Subpoena Duces Tecum issued by Robichaux to Luke Guidry, copy attached as Exhibit "G".

Claimant's Motion to Lift Stay was filed because the Claimant's Deposition Notice/Subpoena Duces Tecum requiring the production of documents from Lorris G and Danielle Marine, noted above, contrary to the Stay Order and breached Robichaux's Louisiana counsel's agreement and stipulation not to take any discovery of Petitioners pending the Motion to Dismiss in this Limitation proceeding.

Claimant's Middle District Motion to Lift Stay was filed only after correspondence initiated by undersigned counsel was sent to Texas counsel for Robichaux advising that undersigned counsel was of the opinion that the July 18, 2005 Order of the Texas state court presented an ethical dilemma because to proceed would, in the opinion of undersigned counsel, clearly violate the Stay Order of the Limitation Court and the stipulated Joint Status Report filed in the Limitation proceeding.[13]

On August 5, 2005, Petitioners filed this limitation of liability action, as owners of Barge KIRBY 14800.  (Rec. Doc. 1).  (Petitioner's limitation of liability action is hereinafter referred to as the "KIRBY action.")  Pursuant to Supplemental Admiralty Rule F(9), Petitioner filed this action in Texas because Robichaux had previously filed an action for damages in Harris County, Texas.  On August 7, 2005, Petitioner filed its Notice of Stay from the KIRBY action in the 164th Judicial District Court thereby notifying the Court that Robichaux's claims against Lorris G Towing Corporation, Lorris G Towing II Corporation, Danielle Marine Towing, L.L.C., Kirby Inland Marine, Inc., and Kirby Inland Marine, L.P. were stayed and enjoined.  (Rec. Docs. 1-10).

This limitation of liability action, like the Luke Guidry proceeding and the state court suit, relates to: (1) a Louisiana plaintiff (Jarrod Robichaux), who was allegedly injured in Louisiana and who has no connection to the State of Texas; (2) three Louisiana companies

---

[13] The letter sent by Marc Hebert to John Schwambach dated July 21, 2005 is attached as Exhibit "J".

(Danielle Marine Towing, L.L.C., Lorris G Towing Corporation, and Lorris G Towing II Corporation), one of which employed Jarrod Robichaux; (3) an earlier filed Louisiana limitation of liability action filed on behalf of Danielle Marine Towing, L.L.C. and Lorris G Towing Corporation for the tug, M/V LUKE GUIDRY, JR.; (4) one Houston company (Petitioner), whose vessel is the subject of this limitation, which vessel operates solely on the Mississippi River system; and (5) a Harris County Jones Act suit by the Louisiana plaintiff.  All three court proceedings involve the same alleged injury occurring in Louisiana to the same Louisiana plaintiff.  The cases pending in the Middle District of Louisiana and the Southern District of Texas are inextricably intertwined – the same facts, the same witnesses, and the same evidence comprise both claims.

### III.    Law and Analysis

Petitioner respectfully suggests that this Court transfer this matter and all motions currently pending therein to the Middle District of Louisiana where similarly situated and related motions are pending.  Notwithstanding that, this Court should deny Robichaux's Motion to Dissolve Restraining Order.

### A.  CROSS MOTION TO TRANSFER VENUE

#### 1)    The "First to File" Rule Mandates Transfer of the Matter Pending Before this Honorable Court to the Middle District of Louisiana.

Under the "first to file" rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap and/or are inextricably intertwined.  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).  The "first to file" rule is grounded in principles of comity and sound judicial administration.  *American Bankers Life Assurance Co. of Fl. v. Overton*, 128 Fed. Appx. 399 (5th Cir. 2005); *Central Freight Lines Inc. v. APA Transport*

*Corp.*, 322 F.3d 376 (5th Cir. 2003).  The federal courts have long recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F. 3d 947, 950 (5th Cir. 1997).

The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.  *Id.* at 729; *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20 (1976).  This concern applies where related cases are pending before two judges in the same district, as well as where related cases have been filed in different districts. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992), *cert. denied*, 506 U.S. 1979 (1993).  To avoid these ills, a district court should dismiss or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another district.  *Id.*;  *West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA, AFL-CIO,* 751 F.2d 721, 728-29 (5th Cir. 1983) (holding that the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions).

Application of the "first to file" rule does not require that the pending matters be identical.  *Save Power, Ltd.*, 121 F.3d at 950.  Rather, the crucial inquiry is whether there is "substantial overlap" between the pending cases.  *Id.*  Regardless of whether or not the suits are identical, if they overlap on the substantive issues, the cases should be consolidated.  *In Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Pastorek II v. Trail*, 1997 WL 722956 (E.D. La. 1997).  Importantly, a district court abuses its discretion if it does not

transfer a second filed case when the facts, witnesses, records of review, termination proceedings, and evidence are virtually the same in both matters. *Id.*

The "first to file" rule is directly on point and clearly applicable to this Limitation of Liability. *Kirby Inland Marine, Inc. v. Zurich Ins. Co., et al*, 2001 WL 1479106; (E.D. La. Nov. 19, 2001); *River/Gulf Marine v. Ritchey*, 1999 WL 169462, (E.D. La. Mar. 24, 1999.

For example, in *Kirby Inland Marine, Inc*, Taira Lynn Marine, Inc. ("Taira"), a named defendant, first filed a Petition for Limitation of Liability in the Western District of Louisiana after one of its towboats allided with a bridge while it was towing a barge owned by Kirby Inland Marine, Inc. ("Kirby"). *Kirby Inland Marine, Inc.*, 2001 WL 1479106. Thereafter, Kirby instituted a Declaratory Judgment action in the Eastern District of Louisiana against Taira and Taira's insureds seeking a declaration that Kirby was an additional insured under Taira's policies. *Id.* Taira sought transfer of Kirby's Declaratory Judgment action to the Western District, arguing that the action and all pending motions should be transferred to the Western District Court under the "first to file" rule. *Id.* The Court determined that the pending issues were substantially similar, even though they involved different parties; agreed with Taira, holding that the Petition for Limitation of Liability constituted a "first filed" claim; and transferred the action and all pending motions to the Western District. *Id.* Importantly, even though Kirby's Declaratory Judgment action involved only a determination of additional insured status under Taira's policies, the Eastern District Court transferred the action to the Western District where the additional assured issues would be adjudicated along with the underlying liability issues.

**In this case, each pending federal limitation action is derived from exactly the same facts and allegations of Jarrod Robichaux. Given the inextricable relation between these**

*claims, and in addition due to the fact that Danielle Marine Towing LLC has contractually*
*agreed to defend and indemnify the Kirby entities in this matter and from the alleged injuries*
*of Jarrod Robichaux, the employee of Danielle Marine Towing, LLC, the limitation of liability*
*claim currently pending before this Honorable Court should be transferred to the Middle*
*District of Louisiana and consolidated with the claim pending before the Middle District*
*Court, the Court initially seized of this controversy, before any other pending motions are*
*decided in this Honorable Court.  As further explained in Section 2, failure to do so will not*
*only inconvenience the parties but will work against the interests of justice.*

    **2)**        **ADDITIONALLY, THE DOCTRINE OF *FORUM NON CONVENIENS*, AS SET FORTH IN SUPPLEMENTAL ADMIRALTY RULE F(9), ENCOURAGES TRANSFER OF THE MATTER PENDING BEFORE THIS HONORABLE COURT TO THE MIDDLE DISTRICT COURT.**

    Pursuant to Rule F(9), this limitation action was filed in the Southern District of Texas because Robichaux had previously initiated his lawsuit against Petitioner in Harris County District Court. FED. R. CIV. PROC. F(9).  However, Rule F(9) allows the Court to transfer this action to any district "for the convenience of the parties and witnesses, in the interest of justice." *Id.*  Importantly, under Rule F(9), a transferor Court may transfer the matter to a transferee Court where venue would not originally have been appropriate.  *Id.*  Rule F(9) factors to be considered by a court in determining whether transfer is appropriate under Supplemental Rule F(9) include: (1) convenience of parties; (2) convenience of material witnesses; (3) availability of process to compel presence of witnesses; (4) cost of obtaining presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; (7) where events in issue took place; and (8) the interests of justice in general.  *In re TLC Marine Services, Inc.*, 900 F.Supp. 54 (E.D. Tex. 1995).

As demonstrated herein, the preponderance of these factors weighs in favor of a transfer to the Middle District of Louisiana.

### a) **For the convenience of the parties and witnesses, this action should be transferred to Louisiana.**

Petitioner seeks to transfer this limitation action from the Southern District of Texas to the Middle District of Louisiana in order to consolidate it with the M/V LUKE GUIDRY, JR. limitation action previously filed by Danielle Marine Towing, L.L.C. and Lorris G Towing Corporation.  Such a transfer would be convenient to all parties and all witnesses.

### i. **The parties, with the exception of Petitioner's corporate offices, are all located in Louisiana.**

The following facts weigh in favor of transfer to Louisiana:

- Robichaux is a Louisiana resident and employed by Danielle Marine Towing, L.L.C.

- Lorris G Towing Corporation is incorporated in Louisiana with its only place of business at 15587 East Main Street, Cut Off, Louisiana 70345.[14]

- Lorris G Towing II Corporation is incorporated in Louisiana with its only place of business at 15587 East Main Street, Cut Off, Louisiana 70345.[15]

- Danielle Marine Towing L.L.C. is registered in Louisiana with its only place of business at 15587 East Main Street, Cut Off, Louisiana 70345.[16]

- The M/V LUKE GUIDRY, JR. is within and subject to the jurisdiction of the Middle District of Louisiana court.[17]

---

[14] Guidry Affidavit, ¶2, attached as Exhibit "K"; Louisiana Secretary of State Unofficial Detail Record for Lorris G Towing Corporation, copy attached as Exhibit "L".

[15] Guidry Affidavit, ¶3, attached as Exhibit "K"; Louisiana Secretary of State Unofficial Detail Record for Lorris G Towing II Corporation, copy attached as Exhibit "M".

[16] Guidry Affidavit ¶4, attached as Exhibit "K"; Louisiana Secretary of State Unofficial Detail Record for Danielle Marine Towing, L.L.C., copy attached as Exhibit "N".

[17] Exhibit "K" ¶IV.

- Petitioner's Barge 14800, upon which the alleged accident occurred operates in Louisiana and the Mississippi River system.[18]

    **ii.**    **Key fact and medical witnesses are located in the Middle District of Louisiana or outside the Southern District of Texas.**

The alleged injuries and medical treatment of Robichaux solely involve Louisiana:

- Robichaux's alleged injury on August 18, 2003, occurred during a voyage on the Mississippi River in Louisiana, while the M/V LUKE GUIDRY, JR. was moving towards the Bollinger Repair yard near Gretna, Louisiana.

- At the time of his alleged injury, Robichaux was employed by Danielle Marine Towing, L.L.C., a Louisiana corporation.[19]

- All treatment and therapy Robichaux has received for his alleged injuries has been within the State of Louisiana.[20]

- Fact witnesses with knowledge of Plaintiff's alleged accident reside in Louisiana.[21]

While it is true that Kirby has offices in Houston, no Kirby employees were present during the alleged accident who might provide testimony on the factual basis of Plaintiff's claims.[22]  With the exception of Petitioner's corporate office in Houston, no other persons with relevant knowledge reside in the State of Texas.  However, even if Robichaux could point to a witness who does not reside in Louisiana, courts have found that it is the quality and not the quantity of the witnesses that is determinative upon a Motion for Transfer.  *Bartolacci v. Corp. of Presiding Bishop, Etc.*, 476 F.Supp. 381, 383 (E.D. Pa. 1979).  **Robichaux, Robichaux's employer, and all of Robichaux's medical providers, the most important witnesses to the**

---

[18] Buese Affidavit, ¶1, attached as Exhibit "O".

[19] Exhibit "K".

[20] Affidavit of Thomas Halverson, attached as Exhibit "P".

[21] Guidry Affidavit, ¶6, attached as Exhibit "R".

[22] Exhibit "O".

**determination of liability and damages, reside in Louisiana.**  In this case, it is clear that both the quality and quantity of witnesses weigh heavily in favor of Louisiana.

The facts confronting the Court in this matter are similar to those that confronted the Eastern District of Texas federal court in *In re TLC Marine Services, Inc.*, 900 F.Supp. 54 (E.D. Tex. 1995).  In *TLC*, the injured seaman was a Louisiana resident; the seaman's employer, the owner and operator of the vessel, was a Louisiana corporation with its place of business in Louisiana; and all the witnesses to the accident resided in Louisiana.  *Id.* at 54-55.  The injured seaman retained a lawyer in Houston and filed suit against the Louisiana employer in Jefferson County, Texas.  *Id.* at 55.  Pursuant to Rule F(9), the employer filed its limitation action in the Eastern District of Texas and requested that the court transfer the action to the Eastern District of Louisiana.  *Id.*  After weighing the convenience of the parties and witnesses and noting that Texas had no interest in the dispute, the Eastern District Court transferred the limitation action to Louisiana.  *Id.* at 55.

A transfer of venue is even more appropriate in this matter.  Similar to the claimant in TLC Marine Services, Inc., while the claimant herein has a pending state court action within the geographical limits of the Southern District of Texas, (1) the claimant and all other defendants (with the exception of Petitioner) reside in Louisiana and (2) all fact and medical witnesses reside in Louisiana.  More importantly, there is already a limitation action proceeding in the Middle District of Louisiana, which will involve the same issues involved in this matter. It should be noted as well that Plaintiff Robichaux has appeared in the M/V LUKE GUIDRY, JR. action and is, and was first, represented by Louisiana counsel.  There will be no prejudice or inconvenience with Robichaux's participation in this action in Louisiana.

The only connection this case has to the Southern District of Texas is the domicile of Robichaux's Texas counsel[23] and Petitioner's corporate office.  Petitioner is the only party to the litigation who Plaintiff may argue could be inconvenienced by such a transfer.   However, Petitioner itself seeks this transfer and waives any right to object to the transfer on account of its convenience.   Petitioner and Petitioner's employees hereby agree to be available for any depositions or other relevant discovery in the State of Louisiana.

It is anticipated that Robichaux might object to this transfer because one of his lawyers resides in Houston, but the "convenience of counsel is not a factor to be considered" when ruling on a Motion for Transfer.  *Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043 (3d Cir. 1973) (citing *Chicago, Rock Island and Pacific R.R. Co. v. Igoe*, 220 F.2d 299 (7th Cir. 1973).

Because all relevant fact and medical witnesses reside in Louisiana, this matter would be more convenient to the parties and to witnesses if transferred to and consolidated with the original filed limitation action in the Middle District of Louisiana.   *In the Matter of the Complaint of Bankers Trust Company*, 640 F.Supp. 11 (E.D. Penn. 1985) (granting transfer to venue nearest accident and more convenient to witnesses and parties).

> ### iii.   The cost of obtaining attendance of witnesses and other trial expenses strongly supports transfer of this case to the Middle District of Louisiana.

The cost of obtaining attendance of witnesses should be given particular consideration because the primary parties and most witnesses reside outside the Southern District of Texas. *Dupre v. Spanier Marine*, 810 F.Supp. 823, 827 (S.D. Tex. 1993).  While there are corporate representatives of Kirby present in Houston, all other witnesses are located in Louisiana.

---

[23] The Court should be aware that defendants in Robichaux's Harris County state court action filed a Motion to Transfer for *forum non conveniens* which case is stayed by this Court's and the Middle District's stay orders.  A copy of the motion is attached as Exhibit "Q".

Furthermore, given the distances involved for witnesses, a transfer of this case will undoubtedly result in a reduction of the costs associated with trial. *Bevil v. Smith Americas, Inc.*, 883 F.Supp. 168, 171 (S.D. Tex. 1995). The reduction of costs weighs heavily in favor of this Court transferring the case to the Middle District of Louisiana. *Robertson v. M/V CAPE HUNTER*, 979 F.Supp. 1105, 1108 (S.D. Tex. 1997).

> **iv.    The location of books and records supports transfer of this case to the Western District of Louisiana.**

Any records pertaining to practices and procedures of Danielle Marine Towing, L.L.C., Lorris G Towing Corporation, and Lorris G Towing II Corporation are in Louisiana.[24] Moreover, all of Robichaux's employment records are in Louisiana. Also, <u>Robichaux resides in Louisiana himself</u>, all of his prior employment records, his tax records, and his medical records are there as well. Only Petitioner has books and records in Harris County and it, as stated above, consents to the transfer. This factor also weighs heavily in favor of the transfer of venue of this action to Louisiana.

> **b)    The interests of justice strongly favor transfer to Louisiana.**

The balance of public interests from the two possible forums predominate in favor of this action being transferred to Louisiana.

First, the district courts of the Middle District of Louisiana will have no difficulty applying the relevant law in this matter, especially considering the issues are the same as the issues involved in the M/V LUKE GUIDRY, JR. action. Second, the Middle District of Louisiana has a greater interest in this litigation as Robichaux resides in Louisiana, and all possible entities involved, with the exception of Petitioner, are incorporated in and have their

---

[24] Exhibit "K".

only places of business in Louisiana.  Louisiana courts have a greater interest in resolving a dispute between Louisiana residents involving a Louisiana incident, the resolution of which dispute will have ramification primarily in Louisiana.

Third, this action should be transferred to the Middle District of Louisiana so that Petitioner can request that it be consolidated with the M/V LUKE GUIDRY, JR. action for final determination.  The ability to try this matter in one court and dispose of issues for both matters serves both the interests of all parties and avoids duplication of witnesses and evidence, and the consequential drain upon the time of the courts."  *In re: U.S. Coast Guard Vessel CG-95321,* 221 F.Supp. 163 (D.N.H. 1963) (granting transfer of limitation action from New Hampshire to join a separate limitation action regarding the same accident in Massachusetts).  If these two limitation actions are allowed to run concurrently, duplicate discovery will likely be necessary.  Also, it is very likely that the trial of either matter in separate courts could create collateral estoppel and *res judicata* nightmares.  The determination of every dispositive motion will create a back log of issue preclusion motions in the other limitation.  Moreover, because it is unlikely that discovery and evidentiary rulings are subject to the force of collateral estoppel, there is the possibility that inconsistent rulings will give the perception that justice is simply a game of forum shopping. Regardless of this possibility, one may be certain that collateral review of both limitation courts' discovery rulings or even their oral suggestions to counsel will occur along with the inevitable motions for reconsideration.

If these two limitation actions are forced to run concurrently, the Petitioners in either limitation action may be forced to file claims in the other Petitioners' limitation action to preserve their right to contribution and indemnity made necessary by the joint and several

liability scheme employed in the general maritime law, thereby further complicating the matter before the court.

### B.  OPPOSITION TO MOTION TO DISSOLVE RESTRAINING ORDER

**1)      Under The "First To File" Rule, This Court Should Not Determine Robichaux's Motion To Dissolve Restraining Order Because A Prior Action Involving The Same Issues Has Been Filed In The Middle District Of Louisiana.**

As previously stated, under the "first to file" rule, when related cases are pending before two federal courts, the court in which the case was last filed should refuse to hear the case (or determine any issues raised therein if the cases substantially overlap).  *Cadle Co.*, 174 F.3d at 603.  Should a district court decline to transfer a case under the "first to file" rule, it may still refuse to hear any issues raised therein where the issues presented can be resolved in an earlier-filed action pending in another district.  *Id.*;  *West Gulf Maritime Association,* 751 F.2d at 728-29.

Given the inextricable relation between each claim, this Court should decline to rule on any matter involved herein, particularly claimant's Motion to Dissolve the Restraining Order as the Middle District Limitation court has pending a motion to enlarge its stay order to include Lorris G II and the Kirby entities because the parties and cases are so inextricably intertwined.. As explained in Petitioner's motion to transfer venue, it is respectfully suggested that the limitation of liability claim and motion to dissolve the restraining order currently pending before this Honorable Court should be transferred and consolidated with the claim and motions pending before the Middle District Court, which Court was initially seized of this controversy, before any other pending motions are decided.

2)      **The Stipulations Entered into by Robichaux are Deficient on Their Face and Will Not Protect Petitioner's Rights Under the Limitation of Shipowner's Act.**

While Petitioner respectfully suggests that this court consider first the motion to transfer venue, Petitioner believes that to keep a property record in these proceedings it must also respond to the claimant's motion to dissolve restraining order and the stipulations set forth therein.

The Limitation of Shipowner's Liability Act permits a shipowner facing potential liability for a marine accident to file a Petition in federal court to limit its liability.  46 U.S.C. §§ 181-89.   The Limitation Act provides that if the shipowner did not have "privity or knowledge" of the accident in question, the owner's liability is limited to "the amount of the value of the interest of such owner and such vessel, and her freight then pending."  46 U.S.C. §183(a).  The limitation proceeding is therefore comprised of a two-step analysis – the Court must first determine whether the shipowner's acts render it liable to the injured claimant and, second, whether the shipowner had knowledge or privity of these negligent acts.  2 Thomas J. Schoenbaum, ADMIRALTY IN MARINE & MARITIME LAW, §15.5, 15.6 (2d ed. 1994).

Federal admiralty courts have exclusive jurisdiction over the shipowner's right to limit their liability under 46 U.S.C. §181, *et. seq*.  Only federal courts have jurisdiction to consider or adjudicate the issues arising out of a limitation proceeding.  *Id.*

Federal courts have recognized that there is an inherent conflict between the exclusivity of jurisdiction under the Limitation Act and the promise of 28 U.S.C. § 1333 that the exercise of admiralty jurisdiction will not infringe on the Savings to Suitors Clause.  *In Re Magnolia Marine Transport Co., Inc.*, 964 F.2d 1571, 1575 (5th Cir. 1992).  There can be no doubt that the federal courts have grappled with the issues relating to reconciling this conflict; however, the Limitation Act and the vessel owners right to protection is always the primary concern.  *Id.; Langnes v.*

18

*Green*, 282 U.S. 531, 543 (1931).  Indeed, keeping in mind the tension that exists between the two statutes, the Fifth Circuit has mandated that the federal district court's "primary concern is to protect the shipowner's right to claim the (Limitation) Act's liability cap and to reserve the adjudication of that right in a federal forum."  *Id.; Odeco Oil & Gas Co. v. Bonnett*, 74 F.3d 671, 674 (5th Cir. 1996) (hereinafter referred to as *Odeco II*).

In an effort to reconcile these conflicting statutes, courts have advised two ways in which a claimant or claimants may lift the stay and proceed outside the limitation action.  *In the Matter of the Complaint of Port Arthur Towing Co. v. John V. Towing, Inc.*, 42 F.3d 312, 316 (5th Cir. 1985), the Fifth Circuit explained what conditions must exist to allow a claim or claims to proceed outside the limitation proceeding:

> (1) if they total less than the value of the vessel; or, (2) if **(all)** claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that (the claimants) will not seek to enforce a greater damage award until the limitation action has been heard by federal court.

A claimant who wishes to pursue a state court action under the second condition must first make certain Stipulations in the admiralty court to preserve the vessel owner's rights.  *Magnolia Marine*, 964 F.2d at 1575.  A claimant must stipulate that the admiralty court reserves exclusive jurisdiction over any judgment obtained in state court to the extent that it exceeds the value of the limitation funds.  *Id.* Courts have developed several requirements to insure that the stipulations protect the vessel owner's rights.

Among other things, the claimant must agree to the following:  (1) the vessel owner's right to litigate all issues related to limitation of liability in federal court; (2) provide that the claimants will not seek a judgment in the state forum on the vessel owner's right to limited liability and agree to a waiver of claim of *res judicata* based on the judgment in state court; and (3) the claimants must stipulate to the value of the limitation fund.  *See In Re Magnolia Marine*

*Transp.,* 2003 WL 23185556, *2, 2003 AMC 2427, 2429 (E.D. Okla. 2003) (citing *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268, 1992 AMC 594, 598-99 (W.D. La. 1991)).

[I]f the district court concludes that the vessel owner's right to limitation will not be adequately protected … the court may proceed to adjudicate the merits, deciding the issues of liability and limitation." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001).  The burden is therefore on the Claimant, in making his stipulations, to show that Petitioner's rights will be adequately protected if this Limitation Court's Stay Order is lifted.

Here, Robichaux's stipulations fail to meet the requirements developed by the courts and hence do not adequately protect Petitioner's rights.[25]  The stipulations entered into by Robichaux are deficient in the following respects:  (1) they do not protect Petitioner against issue preclusion arguments; (2) they do not protect Petitioner against third party claims; (3) they do not protect Petitioner against future lawsuits filed by Robichaux; and (4) they do not provide for an adequate or priority ranking system.

### a)  Issue Preclusion

In Robichaux's stipulations, he waives *res judicata* with respect to his claim pending in the limitation proceeding based on any judgment obtained in state court.  The Stipulations, however, fall short since the claimants fail to stipulate that any arguments with respect to any other issue preclusion defense, such as collateral estoppel, are invalid and will not be attempted. *In re: Brasea*, 583 F.2d 736 (5th Cir. 1978); *Oldhan v. Pritchett*, 599 F.2d 274 (8th Cir. 1979). Accordingly, the Stipulations are lacking in that regard.

---

[25] A copy of Robichaux's stipulations are attached as Exhibit "R".

### b)  Protection From Third Parties

The Stipulations contain no guarantee to protect Petitioner against the consequences which might flow to Robichaux bringing a cause of action against a third party who may in turn sue Petitioner for contribution and/or indemnification.  *Gorman v. Earsia*, 2 F.3d 519 (3d Cir. 1993).  Presently, Robichaux has not filed a lawsuit against any other third-party defendants, aside from Lorris G Towing Corporation, Lorris G Towing  II Corporation, and Daniel Marine Towing, L.L.C..  However, discovery in this matter may reveal other defendants who are potentially liable to Robichaux and who might seek indemnity or contribution from Kirby.  If this Court determines that Kirby is entitled to limit its liability and that the accident was caused in some part by the negligence of the third-party defendants, then these claimants would immediately file suit against Kirby in a different jurisdiction.  Indeed, Robichaux would likely still have time within the statute of limitation to file a claim against another party in state court. Thereafter, Kirby could very well be faced with a claim for contribution or indemnity in the new lawsuit – a claim which should be handled in this limitation proceeding.  Accordingly, as the Stipulations did not address this issue, they are inadequate in that regard.

### c)  Future Lawsuits

In addition, Robichaux neither agrees nor stipulates to protect Petitioner from any future independent action which he might choose to bring in court.  This Stipulation is deficient, as it would allow the claimant to file new lawsuits (i.e., suits *not pending* and stayed during the limitation proceeding), albeit only in the 164th Judicial District Court, after this Court adjudicates limitation.  If these new suits are filed after this Court adjudicates limitation of liability, then the new suits would not be subject to this proceeding and Petitioner's rights of protection by it would be ignored.

The Stipulations, as worded, would allow Robichaux to file future action in the 164th Judicial District Court of Harris County, Texas not subject to the protection of the limitation of shipowner's liability act. The Stipulations must offer specific and conclusive protection from *all* lawsuits. This deficiency has been recognized in *In re Tidewater, Inc.*, 938 F.Supp. 375, 379 (E.D. La. 1996) and *In re Falcon Drilling Co.*, 1996 WL 363445 (E.D. La. 1996). For this reason, the Stipulations are deficient.

### d)  Ranking System

Significantly, it is well recognized that "when the shipowner is beset by multiple claimants, admiralty courts are also concerned that there be one federal forum for the resolution of all competing claims." *Magnolia Marine*, 964 F.2d at 1575. That said, claimants can reduce their claims to what the Fifth Circuit equates to a single claim by "agreeing and stipulating as to the priority in which the claimants will receive satisfaction against the shipowner from the limited fund." *Id; Texaco Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995). If the claimants fail to stipulate as to the priority or ranking of claims subject to the limitation fund, then the Stipulations are defective. *Id.*

Significantly, here Robichaux addresses the issue of an award of attorney's fees through an indemnification contract, but the Stipulations do not contemplate how the limitation fund would be divided among Robichaux and other claimants themselves. This requirement was ignored by Robichaux and, thus, the Stipulations are deficient and the stay should not be lifted. *In the Matter of S & E Shipping Corp.*, 678 F.2d 636, 645-646, (6th Cir. 1982); *In Re Mister Wayne*, 729 F.Supp. 1124 (E.D. La. 1989).

    **3)**    **Robichaux Has Already Demonstrated A Propensity To Ignore The Orders Of A Federal District Court Limitation Proceeding And, Regardless Of Any Stipulations, He Has Entered Into, He Should Not Be Permitted To Litigate Any State Court Action.**

Robichaux's actions in the Texas state court discovery process appear to circumvent the Middle District Court's jurisdiction and authority ***even with the Stay Order in place***, making it clear that Petitioner's rights under the Limitation of Shipowner's Liability Act will not be adequately protected if this Court releases Robichaux to proceed in another forum.

The standard for the granting of a Claimant's motion to lift stay is set forth by the United States Supreme Court in *Lewis v. Clark Marine, Inc.*, 531 U.S. 438, 454 (2001), as follows:

> *[i]f the district court concludes that the vessel owner's right to limitation will not be adequately protected … the court may proceed to adjudicate the merits, deciding the issues of liability and limitation."*

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001).  The District Court should not lift a stay order unless it is completely satisfied that the "***vessel owner's right to seek limitation will be protected***".  *Id*.  This decision to lift or maintain the stay order is "***within the court's discretion***."  *Id*.  Therefore, it is within the District Court's discretion, <u>regardless of stipulations being given by the Claimant</u>, to maintain the stay and allow Petitioner to seek exoneration from <u>and</u> limitation of liability in Federal Court if it is not satisfied that Petitioner's rights will be protected.

In this instant case, there is no doubt that the vessel owners' claim to limited liability will be jeopardized and prejudiced if Robichaux is permitted to proceed outside the limitation proceeding.  In spite of this Court's Stay Order, Robichaux has already demonstrated disregard for the Middle District Court's jurisdiction by attempting to obtain discovery, and by seeking ***and*** obtaining a state court order to do so from Danielle Marine and Lorris G in the Texas state court proceedings – while at the same time maintaining that no discovery can be allowed in this

properly – instituted action per SECTION VIII – PROPOSED SCHEDULING ORDER as insisted on by Robichaux's Louisiana counsel and as set out in the Joint Status Report referred to above.

On July 1, 2005, Louisiana counsel for Robichaux filed a Motion objecting to the aforementioned discovery filed by Petitioners in the Middle District proceeding and moving to have undersigned counsel and Petitioners abide by the stipulation, which John Fay, Esq. and Petitioners agreed to do (undersigned counsel was previously unaware of the stipulation).[26]  In fact, Texas Counsel for Robichaux has already propounded discovery by issuing several *subpoena duces tecums* against Kirby requiring substantially the same information from Kirby regarding the alleged incident as ordered by the Texas state court against Lorris G and Danielle Marine.[27]

Additionally, Louisiana counsel for Robichaux acted contrary to the Middle District Court's Scheduling Order by seeking to lift the stay order there prematurely.  These two actions clearly evidence Robicahux's intent to frustrate and ignore the protections afforded by the Limitation of Shipowner's Liability Act.  His obvious refusal to obey the Middle District Court's orders whenever it suits him should not be overlooked by this court.

Based on the above, Petitioner respectfully requests that the Limitation court exercise its discretion and deny Robichaux's motion in order to fulfill its crucial role under the Limitation of Shipowner's Liability Act – to ensure the vessel owners' right to limited liability is not lost in the rush to cater to the claimant's "saving to suitors" clause rights.  Robichaux's ongoing attempts to circumvent the Middle District Court's jurisdiction and the effect of the Stay Order provide

---

[26] The motion is attached as Exhibit "S".

[27] Copies of these subpoenas are attached as Exhibit "T".

ample evidence of the risk to Petitioners' rights under the Limitation of Shipowners' Liability Act should the Stay be lifted.  This issue is currently pending in the Middle District Limitation action.

**CONCLUSION**

Therefore, Kirby respectfully requests this Honorable Court to deny Robichaux's Motion to Dissolve the Restraining Order, and in the interest of comity, equity, and justice, Petitioner respectfully suggests that this Court transfer this claim and all pending motions to the district court sitting in the Middle District of Louisiana.  Additionally, or in the alternative, this Court should deny the Motion to Dissolve the Restraining Order because Robichaux's stipulations are inadequate.  Notwithstanding Robichaux's stipulations, he has already demonstrated on several occasions his propensity to act contrary to orders and/or stipulations he might enter into with regard to this limitation proceeding.

Respectfully submitted,

/s/ Ruth Brewer Schuster
Ruth Brewer Schuster (Tex. 24047346)
Marc C. Hebert (Tex. #575265)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
**Current Temporary Address**:
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone:    (225) 248-2000
Facsimile:    (225) 248-2010


**Permanent Address:**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana  70170-5100
Telephone:    (504) 582-8616
Facsimile:    (504) 582-8015
E-Mail:        mherbert@joneswalker.com
Attorneys-In-Charge for Defendant,

25

Kirby Inland Marine, L.P.

**OF COUNSEL**:

RUTH BREWER SCHUSTER (Texas Bar No. 24047346)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
Waterway Plaza Two
10001 Woodloch Forest, Suite 350
The Woodlands, Texas 77380
Telephone:    (281) 296-4400
Facsimile:    (281) 296-4404
E-Mail:    rschuster@joneswalker.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the above and foregoing has been served on all counsel of record, by hand delivery, facsimile transmission or by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 5th day of October, 2005.

<u>/s/ Ruth Brewer Schuster</u>

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

**Cases**

*American Bankers Life Assurance Co. of Fl. v. Overton*,
    128 Fed. Appx. 399 (5th Cir. 2005) ................................................................. 7

*Bartolacci v. Corp. of Presiding Bishop, Etc.*,
    476 F.Supp. 381 (E.D. Pa. 1979) ................................................................. 12

*Bevil v. Smith Americas, Inc.*,
    883 F.Supp. 168 (S.D. Tex. 1995) ................................................................. 15

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ................................................................. 7, 17

*Central Freight Lines Inc. v. APA Transport Corp.*,
    322 F.3d 376 (5th Cir. 2003) ................................................................. 8

*Chicago, Rock Island and Pacific R.R. Co. v. Igoe*,
    220 F.2d 299 (7th Cir. 1973) ................................................................. 14

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ................................................................. 8

*Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    961 F.2d 1148 (5th Cir. 1992), *cert. denied*, 506 U.S. 1979 (1993) ................. 8

*Dupre v. Spanier Marine*,
    810 F.Supp. 823 (S.D. Tex. 1993) ................................................................. 14

*Gorman v. Earsia*,
    2 F.3d 519 (3d Cir. 1993 ................................................................. 21

*In Mann Manufacturing, Inc. v. Hortex, Inc.*,
    439 F.2d 403 (5th Cir. 1971) ................................................................. 8

*In re Falcon Drilling Co.*,
    1996 WL 363445 (E.D. La. 1996) ................................................................. 22

*In Re Magnolia Marine Transport Co., Inc.*,
    964 F.2d 1571 (5th Cir. 1992) ................................................................. 18, 19, 22

*In Re Mister Wayne*,
    729 F.Supp. 1124 (E.D. La. 1989) ................................................................. 22

i

*In re Tidewater, Inc.*,
  938 F.Supp. 375 (E.D. La. 1996) .................................................................................. 22

*In re TLC Marine Services, Inc.*,
  900 F.Supp. 54 (E.D. Tex. 1995). ........................................................................... 10, 13

*In re: Brasea*,
  583 F.2d 736 (5th Cir. 1978) ...................................................................................... 20

*In re: U.S. Coast Guard Vessel CG-95321*,
  221 F.Supp. 163 (D.N.H. 1963) .................................................................................. 16

*In the Matter of S & E Shipping Corp.*,
  678 F.2d 636 (6th Cir. 1982) ...................................................................................... 22

*In the Matter of the Complaint of Bankers Trust Company*,
  640 F.Supp. 11 (E.D. Penn. 1985) .............................................................................. 14

*In the Matter of the Complaint of Port Arthur Towing Co. v. John V. Towing, Inc.*,
  42 F.3d 312 (5th Cir. 1985) ........................................................................................ 19

*Kirby Inland Marine, Inc. v. Zurich Ins. Co., et al*,
  2001 WL 1479106; (E.D. La. Nov. 19, 2001) ............................................................. 9

*Langnes v. Green*,
  282 U.S. 531 (1931) ..................................................................................................... 19

*Lewis v. Lewis & Clark Marine, Inc.*,
  531 U.S. 438 (2001) ............................................................................................... 20, 23

*Luhr Bros. Inc. v. Gagnard*,
  765 F. Supp. 1264, 1992 AMC 594 (W.D. La. 1991) ................................................. 20

*Odeco Oil & Gas Co. v. Bonnett*,
  74 F.3d 671 (5th Cir. 1996) ........................................................................................ 19

*Oldhan v. Pritchett*,
  599 F.2d 274 (8th Cir. 1979) ...................................................................................... 20

*Pastorek II v. Trail*,
  1997 WL 722956 (E.D. La. 1997) ................................................................................. 8

*River/Gulf Marine v. Ritchey*,
  1999 WL 169462, (E.D. La. Mar. 24, 1999 .................................................................. 9

*Robertson v. M/V CAPE HUNTER*,
  979 F.Supp. 1105 (S.D. Tex. 1997) ............................................................................ 15

*Save Power Ltd. v. Syntek Fin. Corp.*,
    121 F. 3d 947 (5th Cir. 1997) ............................................................... 8

*Solomon v. Continental American Life Insurance Co.*,
    472 F.2d 1043 (3d Cir. 1973)................................................................. 14

*Texaco Inc. v. Williams*,
    47 F.3d 765 (5th Cir. 1995) ................................................................... 22

*West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast
    District of the ILA, AFL-CIO,* 751 F.2d 721 (5th Cir. 1983)................................. 8, 17

**Statutes**

2 Thomas J. Schoenbaum, Admiralty in Marine & Maritime Law,
    (2d ed. 1994) ............................................................................. 18

28 U.S.C § 1333........................................................................... 18

46 U.S.C. §§ 181-89 ...................................................................... 18

**Rules**

Fed. R. Civ. Proc. F(9) .................................................................. 10