UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND §<br>PETITION OF KIRBY INLAND §<br>MARINE, L.P., AS OWNER OF BARGE §<br>KIRBY 14800, PRAYING FOR §<br>EXONERATION FROM AND/OR §<br>LIMITATION OF LIABILITY §<br>§ | CIVIL ACTION NO. H-05-02720 |

## MEMORANDUM AND ORDER

Pending before the Court are Claimant Jarrod Robichaux's Motion to Dissolve Restraining Order (Docket # 12) and Petitioner Kirby Inland Marine, L.P.'s Cross-Motion to Transfer Venue to the Middle District of Louisiana (Docket # 22 and 32). For the following reasons, Claimant's motion is **GRANTED**, and Petitioner's motion is **DENIED WITHOUT PREJUDICE**.

**I. Background**

This case arises out of injuries that Claimant allegedly suffered on August 18, 2003, on board the Barge Kirby 14800. Claimant was a tankerman and crew member of the M/V Luke Guidry, Jr., which was pushing the Kirby 14800 at the time that Claimant allegedly sustained injury. Claimant alleges that he later aggravated his injuries on October 11, 2003, aboard the M/V Luke Guidry, Jr. On September 4, 2004, Lorris G. Towing Corporation and Danielle Marine Towing, LLC, owners and operators of the M/V Luke Guidry, Jr., filed suit in the Middle District of Louisiana, seeking exoneration from or limitation of their liability under the Limitation of Shipowner's Liability Act ("Limitation Act"), 46 U.S.C. app. § 181 *et. seq.* On September 8, 2004, Claimant filed a personal injury suit against Lorris G. Towing Corporation and Petitioner in state court, in the 164th Judicial District Court of Harris County, Texas. Petitioner filed the instant action to limit its liability under the Limitation Act on August 5, 2005, and the Court entered an Order approving Petitioner's stipulation of the Kirby 14800's value and restraining the

prosecution of any related action against Petitioner. Petitioner stipulated that the value of its interest in the Kirby 14800 was five hundred seventy thousand dollars ($570,000.00).

**II. Claimant's Motion to Dissolve Restraining Order**

Claimant has moved to dissolve the Court's Order restraining him from prosecuting his suit in Texas state court. Contemporaneously with his motion, Claimant filed a number of stipulations, which he assert justify lifting the restraining order and allowing him to prosecute his claims against Petitioner in state court. These stipulations include: (1) that Claimant "concedes that [Petitioner] is entitled to and has the right to litigate all issues relating to limitation of liability" in this Court; (2) that Claimant "will not seek in an action pending in any other federal court or in any state court, in which a jury trial has been demanded, any judgment or ruling on the issue of [Petitioner's] right to limitation of liability," and that Claimant "consents to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that the state court may render;" (3) that "in no event will [Claimant] seek to enforce any excess judgment or recovery insofar as it may expose [Petitioner] to liability in excess of [$570,000.00] pending the adjudication" of this limitation action; (4) that Claimant reserves his rights and defenses in this limitation action; (5) that, upon the Court's lifting its restraining order, "the only state forum in which [Claimant] will prosecute his claims is the 164th Judicial District Court of Harris County, Texas;" and (6) that any claims against Petitioner for attorney's fees and costs by a co-liable defendant "shall have priority over the claims of [Claimant]." Claimant's Ex. F. Petitioner urges that these stipulations are inadequate to protect its rights under the Limitation Act.

The Supreme Court and the Fifth Circuit have recognized the inherent tension between the Limitation Act, which gives vessel owners the right to pursue limitation of their liability exclusively in federal court, and the "saving to suitors" clause of 28 U.S.C. § 1333(1), which gives claimants a choice of remedies, including common law remedies sought in state court. *Lewis v.*

2

*Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2000); *In re Tidewater Inc.*, 249 F.3d 342, 345 (5th Cir. 2001). A court can resolve this conflict by allowing claims to "proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *In re Tetra Applied Techs., L.P.*, 362 F.3d 338, 341 (5th Cir. 2004) (citing *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993)). Accordingly, a claimant may proceed against a vessel owner in state court "if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act." *In re Tetra*, 362 F.3d at 341.

Here, Claimant's stipulations closely resemble those found to be sufficient to protect vessel owners' rights in similar cases. *See In re Tetra*, 362 F.3d at 339. Claimant has stipulated to Petitioner's right to pursue its limitation action in this Court, and Claimant has stipulated that he will not seek any judgment or ruling on Petitioner's right to limitation of liability in any court other than this Court. Furthermore, Claimant has stipulated that, should he obtain a judgment greater than the Kirby 14800's stipulated value of $570,000.00, he will not seek to enforce the judgment insofar as it would expose Petitioner to liability in excess of this amount. Claimant also acknowledges that he will waive any claim of res judicata relevant to Petitioner's right to limit its liability based on any state court judgment.

Petitioner has raised several challenges to the sufficiency of Claimant's stipulations. First, Petitioner argues that Claimant's waiver of res judicata is inadequate because Claimant fails to waive other issue preclusion defenses, such as collateral estoppel. Petitioner provides no law to support this proposition, however, citing two cases that are inapposite to the one at bar. *See In re Brasea, Inc.*, 583 F.2d 736 (5th Cir. 1978) (noting that collateral estoppel did not apply to an issue that had not been litigated in earlier proceedings); *Oldham v. Pritchett*, 599 F.2d 274 (8th Cir.

3

1979) (discussing whether, in a civil action for damages, collateral estoppel applied to issues that were allegedly adjudicated in a prior limitation proceeding). Rather, in a case discussing the stipulations of a claimant seeking to vacate a stay in a limitation action, the Third Circuit found that the claimant must waive any "claim of res judicata," and noted that "[i]t is clear that the relevant waiver discussed is that of issue preclusion, notwithstanding the reference in the cases to 'res judicata.'" *Gorman v. Cerasia*, 2 F.3d 519, 528-29 (3rd Cir. 1993). Here, Claimant's stipulation regarding res judicata claims is identical to the one approved by the Fifth Circuit in *In re Tetra*, and it is sufficient to protect Petitioner's rights under the Limitation Act.[1]

Second, Petitioner asserts that Claimant's stipulations contain no guarantee to protect it against the possibility of Claimant bringing a cause of action against a third party, who may in turn sue Petitioner for contribution or indemnification. Petitioner cites *Gorman v. Cerasia* as support for its argument that Claimant's stipulations must contain a guarantee against this scenario. *Gorman* is distinguishable from this case, however, since *Gorman* involved additional state court defendants who had already asserted contribution claims against the vessel owner who filed the limitation action. 2 F.3d at 522. The court found that the contribution claims made the proceeding a multiple-claimant case, and accordingly, held that the agreement of the defendants asserting contribution claims against the vessel owner were necessary to adequately protect the vessel owner's limitation rights. 2 F.3d at 527-28. *Gorman* is thus inapplicable to the case at bar, which involves only a single claimant. The other defendant in Claimant's state action, Lorris G. Towing Corporation, has not asserted any cross-claims against Petitioner, and the only other involved party, Danielle Marine Towing, LLC, has agreed to indemnify Petitioner in all actions arising from Claimant's alleged injuries of August 18, 2003. Petitioner's Cross-Motion to

---

[1] In *In re Tetra*, the claimant stipulated that he would "consent to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that the state court may render." 362 F.3d at 339. Similarly, Claimant's stipulation provides that he "consents to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that the state court may render." Claimant's Ex. F ¶ II.

4

Transfer Venue at 3 n.3. Claimant's stipulations need not provide for phantom parties not presently identified in order to protect sufficiently Petitioner's limitation rights.

Third, Petitioner argues that Claimant's stipulations fail to protect it from future, independent lawsuits that Claimant might file, which would not be subject to the protection of this limitation proceeding. Claimant's stipulations provide that he "will not seek in an action pending in any other federal court or in any state court, in which a jury trial has been demanded, any judgment or ruling on the issue of [Petitioner's] right to limitation of liability." Claimant's Ex. F ¶ II. As Claimant points out, this stipulation is almost identical to that approved by the Fifth Circuit in *In re Tetra*. 362 F.3d at 339. Claimant's stipulations also provide that "the only state forum in which he will prosecute his claims is the 164th Judicial District Court of Harris County, Texas," and that "in no event will [Claimant] seek to enforce any excess judgment or recovery insofar as it may expose [Petitioner] to liability in excess of [$570,000.00]." Claimant's Ex. F ¶¶ V, III. These stipulations protect Petitioner from any rulings of either state or federal courts that could threaten its limitation rights, and they are consistent with Petitioner's cited cases. *See In re Tidewater, Inc.* 938 F. Supp. 375, 379 (E.D. La. 1996) (finding that a claimant must stipulate that "he will not seek to enforce *any* judgment exceeding the amount of the limitation fund prior to the determination of the limitation proceeding"); *In re Falcon Drilling Co.*, 1996 WL 363445, at *2 (E.D. La. 1996) (finding that stipulations must protect against rulings in any other suit, state or federal).

Finally, Petitioner accurately notes that Claimant's stipulations do not address how the limitation fund in this case would be divided between Claimant and other claimants. What Petitioner neglects to point out, however, is that there are no other claimants in this case. Rather, this is a single-claimant case, in which Claimant Robichaux is the only party asserting any claims against Petitioner. The multiple-claimant cases cited by Petitioner are thus inapplicable here.

5

Additionally, Claimant has stipulated that "if [Petitioner] is held responsible for attorney's fees and costs which may be assessed against it by a co-liable defendant party seeking indemnification for attorney's fees and costs, such claim shall have priority over the claims of [Claimant] herein." Claimant's Ex. F ¶ VI. Claimant's stipulations adequately protect Petitioner from excess liability to any party in this case that might have a claim against Petitioner.

Claimant's stipulations are sufficient to protect Petitioner's rights under the Limitation Act. *See In re Tetra*, 362 F.3d at 339, 343. Claimant's Motion to Dissolve Restraining Order is therefore **GRANTED**, and the Court's August 5, 2005 Order Restraining Prosecution of Claims (Docket # 7) is **LIFTED**.

### III. Petitioner's Motion to Transfer Venue

Petitioner has moved the Court to transfer this limitation proceeding to the Middle District of Louisiana, where Lorris G. Towing Corporation and Danielle Marine Towing, LLC brought their limitation action. In light of Claimant's motion to dismiss that is pending in the Middle District of Louisiana action, transfer at this time is inappropriate. Petitioner's Motion to Transfer is therefore **DENIED WITHOUT PREJUDICE** to re-filing.

**IT IS SO ORDERED**.

**SIGNED** this 17th day of February, 2006.

*/s/ Keith P. Ellison*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**